## Commonwealth v. Brown.

*Justice of the peace—Assault and battery—Costs—Constitutional law—Act of May 27, 1919—Summary conviction—Appeals.*

1. The Act of May 27, 1919, P. L. 306, which provides that a justice of the peace may determine by whom the costs shall be paid in a prosecution for assault and battery where the defendant is discharged, is not in contravention of sections 1 and 9 of art. i of the Constitution.

2. Where a defendant is discharged for want of sufficient evidence in a prosecution for assault and battery before a justice of the peace, the justice may impose the costs upon him.

3. In case of such an imposition of costs, the defendant will be allowed an appeal under the provisions of art. v, § 14, of the Constitution, and the Act of April 17, 1876, P. L. 29.

Appeal from summary conviction. Q. S. Bucks Co.

*Hiram H. Keller*, District Attorney, for Commonwealth.

*William H. Satterthwaite*, for defendant.

RYAN, P. J., Jan. 2, 1922.—The defendant, a teacher in a public school and the principal thereof, was arrested for assault and battery, which was alleged to have been committed by him in inflicting excessive corporal punishment upon a pupil. After hearing, the justice discharged the defendant, but imposed the payment of costs upon him, under the provisions of the 2nd section of the Act of May 27, 1919, P. L. 306, which is as follows: "In all such cases, when the evidence does not show that the prosecution is well founded, the alderman, justice of the peace or magistrate shall discharge the defendant and determine by whom the costs shall be paid. In assessing the costs, he may order that the prosecutor or defendant pay all or any part thereof, or

he may assess the costs on the county. In default of payment of any costs so imposed on the prosecutor or defendant, the person so defaulting shall be committed to the county jail, one day for each dollar of such costs, or until such costs are paid, or until such person is discharged according to law, and in such cases the costs shall be paid by the county." The defendant then secured the allowance of this appeal. He contends that the section above cited is in contravention of sections 1 and 9 of art. I of the Constitution of the Commonwealth, and therefore void. Section 1 of the article provides that "trial by jury shall be as heretofore and the right thereof remain inviolate." This provision *verbatim* was contained in the Constitutions of 1838 and 1790. That of 1776 contained the following provisions relating to the same subject: "That in controversies respecting property, and in suits between man and man, the parties have a right to trial by jury, which ought to be held sacred:" Chap. 1, § 11; and "Trials shall be by jury as heretofore, and it is recommended to the Legislature of the State to provide by law against every corruption or partiality in the choice, return or appointment of juries:" Chap. 11, § 25. As applicable to summary convictions, therefore, this provision in the present Constitution has been construed to mean that a man is entitled to a trial by a jury of twelve men in every case involving his interests, provided he would have been so entitled prior to 1776, and not otherwise: White on the Constitution of Pennsylvania, page 67, § 3. At common law, a defendant, though acquitted, always paid costs, and that continued to be so until the Act of March 20, 1797, 3 Sm. Laws, 281, by which it was provided that upon the acquittal of a defendant of an indictable offence, the costs should be paid out of the county stock by the county: Com. v. Tilghman, 4 S. & R. 127. The defendant, therefore, in the instant case is not deprived of any right to a trial by jury that he would have enjoyed at common law. The other contention, that the Act of 1919 is in conflict with the provision of section 9 of art. I, that the accused in a criminal prosecution cannot "be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land," is equally without foundation for the same reason. We are not convinced, therefore, that section 2 of the Act of May 27, 1919, P. L. 306, is unconstitutional, and must, therefore, hold the contrary. The next question presented is whether the court has power to review the justice's action in imposing the costs upon the defendant and dispose of the appeal. It was allowed under the provisions of art. v, § 14, of the Constitution, and the Act of April 17, 1876, P. L. 29. They do not give the defendant the right to have such an appeal tried by a jury. The court must, therefore, hear and determine it. Testimony was heard at the bar of the court. The evidence showed that the defendant whipped the son of the prosecutor with a wooden ruler, and that the boy was guilty of such conduct as justified the defendant's act. There was no evidence that justified the conclusion that he inflicted such punishment as amounted to an assault and battery. The justice was clearly right in discharging the defendant, but we cannot concur in his conclusion that the latter should pay the costs. What he did was in discharge of his duty and the exercise of his authority as a teacher. Nothing was disclosed to the court that warranted the imposition of the costs upon him. Accordingly, the judgment of the justice in this particular must be set aside.

And now, to wit, Jan. 2, 1922, the judgment of the justice as to the costs is reversed and the defendant is discharged.

From Calvin S. Boyer, Doylestown, Pa.

NOTE.—See Com. v. Berella, 9 Westmoreland L. J. 165; *contra*, Com. v. Bossler, 29 Dist. R. 171.